UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JOSEPH LEE,

                              Plaintiff,

          -against-

YELENA KOROBKOVA, Facility Health
Service Director; JUDITH CAMARA, Nurse;
EVE M. SIMMONS, Senior Offender
Rehabilitation Coordinator; ARIEL ESCOBAR,
Senior Offender Rehabilitation Coordinator;
DIANE HINTON, Facility's Nurse
Administrator; GHANDHAM, Medical Doctor;
JOHN DOE; JANE DOES; WILLIAM F.
KEYSER, Superintendent,

                              Defendants.

20-CV-10311 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

        Plaintiff, currently incarcerated at Sullivan Correctional Facility, brings this *pro se* action

under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§§ 12112-12117, and state law, alleging that Defendants violated his rights. By order dated

December 17, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees,

that is, *in forma pauperis* ("IFP").[1]

## DISCUSSION

**A.    Service on Named Defendants**

        Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely

on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis. See* 28 U.S.C. § 1915(b)(1).

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Dr. Gandham, Nurses Judith Camara and Diane Hinton, Offender Rehabilitation Coordinators Ariel Escobar and Eve M. Simmons, Superintendent William F. Keyser, and Medical Director Yelena Korobkova through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.**   **"John and Jane Doe" Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Correction and Community Supervision (DOCCS) to identify the emergency room doctor who was responsible for treating Plaintiff on August 29, 2019, at Albany Medical Center. It is therefore ordered that the Office of the New York State Attorney General, which is the attorney for and agent of DOCCS, must ascertain the identity of the John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The New York State Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete after receiving this information is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the address for the newly identified defendant and deliver to the U.S. Marshals Service all documents necessary to effect service.

Plaintiff also lists "Jane Does" as defendants in the caption of the complaint but he does not include allegations about any "Jane Doe" in the body of his complaint or supply information that would allow such "Jane Doe" defendants to be identified. The Court therefore cannot at this time assist Plaintiff in identifying any "Jane Doe" defendant.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Gandham, Camara, Hinton, Escobar, Simmons, Keyser, Korobkova and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: Office of the Attorney General, 28 Liberty Street New York, NY 10005. An "Amended Complaint" form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 21, 2020
          White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.  Dr. Sai Gandham
    Lions Eye Institute
    1220 New Scotland Road
    Slingerlands, NY 12159-9386

2.  Judith Camara, Nurse
    Sullivan Correctional Facility
    325 Riverside Drive
    P.O. Box 116
    Fallsburg, NY 12733-0116

3.  Diane Hinton, Nurse Administrator
    Sullivan Correctional Facility
    325 Riverside Drive
    P.O. Box 116
    Fallsburg, NY 12733-0116

4.  Ariel Escobar
    Senior Offender Rehabilitation Coordinator
    Sullivan Correctional Facility
    325 Riverside Drive
    P.O. Box 116
    Fallsburg, NY 12733-0116

5.  Eve M. Simmons
    Senior Offender Rehabilitation Coordinator
    Sullivan Correctional Facility
    325 Riverside Drive
    P.O. Box 116
    Fallsburg, NY 12733-0116

6.  William F. Keyser, Superintendent
    Sullivan Correctional Facility
    325 Riverside Drive
    P.O. Box 116
    Fallsburg, NY 12733-0116

7.  Yelena Korobkova, Medical Director
    Sullivan Correctional Facility
    325 Riverside Drive
    P.O. Box 116
    Fallsburg, NY 12733-0116

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

No. _____
(To be filled out by Clerk's Office)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name             Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City             State             Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 2:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 3:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 4:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____

Dated                                                 Plaintiff's Signature

_____

First Name                          Middle Initial          Last Name

_____

Prison Address

_____

County, City                                 State                    Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:   _____